IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RANDY MCDANIEL                                                                                    PLAINTIFF

vs.                                        4:19-CV-00862-BRW

MARKEITH NEAL, Individually and
in his capacity as a police officer for
the City of Pine Bluff, Arkansas;
TAMINA SMITH, Individually and in her
capacity as a police officer for the City of
Pine Bluff, Arkansas; and the CITY OF
PINE BLUFF, ARKANSAS                                                                       DEFENDANTS

## ORDER

Pending is Defendants' Motion to Exclude the Testimony of Plaintiff's Expert Craig Miller (Doc. No. 31). Plaintiff ha responded.[1] For the reasons set out below, Defendants' Motion is DENIED.

**I.   BACKGROUND**

Plaintiff seeks to present the testimony at trial of Craig R. Miller, a retired Chief of Police for the Dallas Independent School District with 37 years of law enforcement experience.[2] Plaintiff has identified him as an expert witness.[3] He proposes to call Mr. Miller to provide his opinion that Officer Neal used excessive and unreasonable force; that Officer Neal was inadequately trained; that Detective Smith inadequately supervised Officer Neal; and that both

---

[1]Doc. Nos. 33.

[2]Doc. No. 31-1.

[3]*Id.*

1

Officer Neal and Detective Smith lacked knowledge of generally accepted best practices of arrest, search and seizure, and departmental policy.[4]

On June 28, 2021, I partially granted Defendants' Motion for Summary Judgment regarding Plaintiff's claim against Defendant Smith in her individual capacity, claims against Defendant Smith and Officer Neal in their official capacities, and claims against the City of Pine Bluff.[5] So, the only remaining claim in the case is the excessive force claim against Officer Neal in his individual capacity. Therefore, the only relevant portion of Mr. Miller's report and testimony are those parts related to the excessive force claim.

## II.  APPLICABLE LAW

A witness who is qualified as an expert may give opinion testimony if (1) his specialized knowledge will help a fact-finder understand the evidence, (2) there is sufficient factual basis for the testimony, (3) his principles and methods are reliable, and (4) his principles and methods are reasonably applied to the case at hand.[6] I must ensure that expert testimony "is not only relevant, but reliable."[7] The party calling the expert must show by a preponderance of the evidence that the expert's opinion is reliable.[8] The weight and credibility given to the expert's testimony is left to the jury.[9]

---

[4]*Id.*

[5]Doc. No. 39.

[6]Fed. R. Evid. 702.

[7]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

[8]*Adams v. Toyota Motor Corp.*, 867 F.3d 903, 915 (8th Cir. 2017).

[9]See *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

## III. DISCUSSION

Defendants argue that Mr. Miller used flawed methodology in reaching his conclusions because he ignored, what they consider, the "most important facts" of the case.[10] Defendants also point to a few instances in his deposition testimony where Mr. Miller is inconsistent with his report, which they contend make his testimony unreliable.[11] They assert that his opinion regarding Officer Neal's use of force is an inadmissible legal conclusion, and is beyond the scope of his qualifications.[12] Finally, Defendants contend that Mr. Miller's opinion that Officer Neal's use of force violated Pine Bluff Police Department Policy is irrelevant to a determination on any of the issues in this case.[13]

Plaintiff responds that Mr. Miller is qualified, reviewed the appropriate evidence in this case, and Defendants simply do not agree with his conclusions.[14]

### A. Testimony Could Assist Jury

Mr. Miller's testimony could be helpful to the jury in this case. Any "doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility," but I "must ensure that the testimony admitted under Rule 702 is both relevant and reliable."[15] "[E]xpert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge 'if all the primary facts can be accurately and

---

[10]Doc. No. 32, p. 6.

[11]*Id.* at 6-8.

[12]*Id.* at 11.

[13]*Id.* at 11-13.

[14]Doc. No. 33, p. 2.

[15]*Miles v. General Motors Corp.*, 262 F.3d 720, 724 (8th Cir. 2001) (internal quotations omitted).

3

intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation.'"[16]

The central question in this case is whether the use of force by Officer Neal was reasonable under the specific circumstances at the time of the incident. Mr. Miller clearly has extensive experience in law enforcement. Providing the jury with accepted police procedures and applying those standards to what occurred could be helpful the jury.

B. **Sufficient Factual Basis For Testimony**

"[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross examination."[17] An expert should be excluded "[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury."[18]

Mr. Miller's report indicates that he reviewed the case materials, analyzed the facts, and referred to police standards and procedures to support his conclusions.[19] He provided an overview of basic law enforcement use of force standards.[20] There is a logical basis for Mr. Miller to explain the police use of force policies and provide his opinion as to how they apply to this case.

---

[16] *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962).

[17] *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001).

[18] *Id.* at 929–30.

[19] Doc. No. 31-1, pp. 3-4.

[20] *Id.* at 7.

4

### C. Reliable Principle and Methods

The terms "principles" and "methods" when applied to technical or other specialized knowledge may include the application of extensive experience to analyze the facts presented. If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. Mr. Miller did so here.[21]

Excessive force claims are not the type of issue where a jury must heavily rely upon the expert's testimony to understand complex scientific concepts. Instead, it involves a relatively straightforward application of acceptable police conduct to the facts of the case. Any flaws in his testimony can be pursued on cross-examination and assessed by the jury.

### D. Principle and Method Reasonably Applied

Mr. Miller reasonably applied his experience and training to form his conclusions. He provided a detailed summary of the incident.[22] Mr. Miller applied use of force standards to the facts of this case, and ,based on his experience, concluded that the Officer Neal's conduct was unreasonable in light of the circumstances and accepted police practices.

While Mr. Miller cannot tell the jury that a particular use of force was unreasonabe, he can express his opinion as to whether that use of force comported with accepted police practices and training without expressing his opinion in "reasonableness" terms. If he strays into offering testimony on ultimate legal issues, Defendants may object. To the extent that Defendants oppose Mr. Miller's assessment of Officer Neal's actions, they may question him on cross-examination.

---

[21] *Id.* at 8-9.

[22] Id. at

Accordingly, Mr. Miller's testimony meets the standard set forth in Federal Rule of Evidence 702.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Exclude Plaintiff's Expert Craig Miller (Doc. No. 31) is hereby DENIED.

IT IS SO ORDERED this 30th day of June, 2021.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE